[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15605
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:04-cr-00076-TWT-LTW-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMARIO RILEY,
a.k.a. Solo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 3, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Demario Riley appeals his 11-month within-Guideline range sentence imposed following revocation of his supervised release.[1]  Riley first asserts his sentence is procedurally unreasonable because the district court failed to explain the chosen sentence and failed to adequately consider the sentencing factors in 18 U.S.C. § 3553(a).  Riley further contends his sentence is substantively unreasonable in light of his financial burden, his lack of criminal conduct since his release, and the technical nature of his violations.  After review, we affirm Riley's sentence.[2]

The district court did not commit procedural error in imposing Riley's sentence.  Despite Riley's claim that the court did not address the § 3553(a) factors and adequately explain the chosen sentence, the record indicates otherwise.  The court considered Riley's history and characteristics, the need to promote respect for the law, and the need to provide just punishment for Riley's persistent violation of the terms of his supervised release.  The court expressly noted Riley's

---

[1]The district court found that Riley violated numerous terms of his supervised release, including failing to obtain employment, failing to notify his probation officer of his change of residence and opening a new line of credit from T-Mobile without permission.

[2]We generally review a sentence imposed upon revocation of supervised release for reasonableness.  *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006).  In conducting this review, we apply a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  The Government claims Riley failed to preserve his procedural reasonableness argument by not objecting in the district court, and thus, we should review only for plain error. We decline to address this issue, as Riley's procedural reasonableness claim fails under either standard.

previous violations of his supervised release and explained that Riley's history and attitude were "incompatible" with the successful completion of supervised release. The fact that the district court did not explicitly mention or discuss each of the § 3553(a) factors does not require a different result. *See United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) ("[N]othing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."); *see also United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (holding that the defendant's sentence was procedurally reasonable, "despite the district court's failure to expressly articulate that it had considered the § 3553(a) factors" because the record showed that the court did, in fact, consider a number of the sentencing factors).

Riley's 11-month sentence is substantively reasonable in light of the record and the § 3553(a) factors. The district court expressly noted Riley's persistent failure to comply with the conditions of his supervised release and found that a sentence at the top of the advisory Guidelines range was necessary to accomplish the goals of sentencing. It was within the district court's discretion to weigh the § 3553(a) factors, especially in light of Riley's repeated and numerous violations of his supervised release conditions, and select a sentence at the top of the Guidelines range. *See United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir.

2007) (holding that it is within the district court's discretion to weigh the § 3553(a) factors, and "[w]e will not substitute our judgment in weighing the relevant [statutory] factors.") (citations omitted).  Accordingly, we affirm Riley's sentence.

**AFFIRMED.**